UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FELIX LUNA,

                                                     Civil Action No.:

                  Plaintiff,

        v.

                                         **COMPLAINT**

MARQUIS REALTY, LLC, SAM DAVID, and
LAZER KVIAT a/k/a ABRAHAM LAZER KVIAT,     **PLAINTIFF DEMANDS**
                                              **TRIAL BY JURY**

                               Defendants.
-------------------------------------------------------------X

       Plaintiff FELIX LUNA ("Luna" or "Plaintiff"), by his attorneys, RAPAPORT LAW

FIRM, PLLC, as and for his Complaint, alleges as follows:

## PRELIMINARY STATEMENT

       1.     This lawsuit seeks to recover minimum wages and overtime compensation, as

required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New

York Labor Law § 190, et seq. ("NYLL") and failure provide wage notices and statements,

as required by the NYLL.

## JURISDICTION AND VENUE

       2.     This Court has subject matter jurisdiction of this action pursuant to the

provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq.,

including under 29 U.S.C. §§ 207, 216, and 217.  This Court also has jurisdiction in light of

the existence of a controversy arising under the laws of the United States (28 U.S.C. § 1331),

and supplemental jurisdiction to consider claims arising under New York State law, pursuant

to 28 U.S.C. §1367.

       3.     Defendants Marquis Realty, LLC ("Marquis"), Sam David ("David") and

Lazer Kviat a/k/a Abraham Lazer Kviat ("Kviat") (collectively, "Defendants") are an

enterprise (hereinafter referred to as the "Marquis Enterprise") with a common business purpose and under common control whose annual volume of sales made or business done is not less than $500,000, the activities of which effect interstate commerce in that Defendants' employees, including but not limited to Plaintiff, handle goods, including janitorial goods, that have moved in interstate commerce.

4.     The Marquis Enterprise functions for a common business purpose, to wit: management and control of at least 6 apartment buildings in Bronx County, New York.

5.     Upon information and belief, the Marquis Enterprise owns and/or controls at least 240 apartment units in the Bronx.

6.     Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. § 1391.   Defendants transact business and have agents in the Southern District and are otherwise within this Court's jurisdiction for purposes of service of process.   The unlawful acts alleged herein have a direct effect on the Plaintiff within the State of New York and within this judicial district.   Defendants do business in the Southern District of New York.

7.     This Court has personal jurisdiction over the Defendants, pursuant to New York Civil Practice Law and Rules § 301, in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiff within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Rule 4(h)(1), Fed.R.Civ.P.

8.     A declaratory judgment is authorized in this case by 28 U.S.C. § 2201.

### THE PARTIES

**Plaintiff**

9.     Luna is an adult, natural person who resides in Bronx County, New York.

10.     Commencing in or about 2002, Luna began working as superintendent of the apartment building located at 1210 Stratford Ave, Bronx, New York (the "Building").

11.     At all relevant times, Luna was required, as a condition of his employment, to remain on-call in the vicinity of the Building, seven days per week.

12.     It was particularly important that Luna remain on call at the Building because, as alleged in further detail below, the Building was in notoriously decrepit condition, which led to enormous numbers of tenant complaints, legal proceedings that were the subject of news reports, and demands by public agencies for immediate and extensive repairs.

13.     Defendants paid Luna $650.00 per week for his work no matter how many hours he worked; but of this amount, varying sums were paid by Luna for helpers who assisted Luna with tasks such as taking out garbage and recyclables, and for special projects such as boiler work, demolition, and fixing pervasive leaks in the Building.

14.     Defendants failed to pay Luna *any* compensation for time spent on-call.

15.     At all relevant times, Luna was (and he continues to be) employed by Defendants.

**Defendants**

16.     Upon information and belief, Marquis is a domestic limited liability company organized and existing under the laws of the State of New York.

17.     Upon information and belief, Marquis has a place of business at 4416 18th Avenue, Brooklyn, New York.

18.     At all relevant times, Marquis was title owner of the Building, and it directly benefitted by the work that Luna performed.

19.     Upon information and belief, Kviat is the highest ranking officer of Marquis.

20.     Upon information and belief, Kviat possesses ownership interests in and controls significant functions of the defendant entities.

21.     Kviat exercised sufficient operational control over the Marquis Enterprise's operations to be considered Luna's employer under the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL").

22.     Upon information and belief, at all relevant times, David directly supervised Luna's work, determined the amounts that Luna was paid each week, and controlled other terms, conditions and aspects of Luna's employment.

23.     Upon information and belief, according to registrations filed by Defendants with the HPD, David is the managing agent of Marquis.

24.     David exercised sufficient operational control over the Marquis Enterprise's operations to be considered Luna's employer under the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL")

25.     Defendants jointly employed Luna within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Luna within the meaning of the FLSA and NYLL.

27.     Defendants had the power to hire and fire Luna, control his terms and conditions of employment, and determine the rate and method of any compensation in exchange for his services.

28.     In each year from 2013 through 2019, Defendants, both individually and jointly, had a gross annual income of not less than $500,000.

**FACT ALLEGATIONS**

*Defendants' Wage and Hour Violations*

29.     Commencing in or about 2002 until present, Luna was employed by the Marquis Enterprise as superintendent of the Building, which has approximately 54 apartment units.

30.    Luna performed maintenance, cleaning, painting, repair, janitorial services, exterminating, renovation, garbage removal, snow removal, and related work at the Building.

31.    At all times relevant to this Complaint, Luna regularly worked for Defendants in excess of 59 hours per week, without appropriate minimum wage or overtime compensation for the hours that he worked.

32.    Luna was required to be paid overtime pay at the statutory rate of time and one-half (1 and 1/2) his effective hourly rate of pay for hours worked above 40 hours in a workweek.

33.    Because Defendants paid Luna a flat amount of $650.00 per week that compensated Luna for only the first forty (40) hours of work, Defendants failed to pay Luna one and one-half his effective hourly rate for overtime work.

34.    During most, if not all, weeks, the amount of Luna's flat weekly rate of pay falls below the New York State minimum wage rate because, as alleged in greater detail below, varying amounts (ranging from $75.00 to $250.00) of Luna's salary was paid to helpers who assisted Luna with tasks such as removal of trash and recyclables.  These assistants also helped with serious repair projects at the Building.

35.    For example, on or about December 15, 2018, there was a serious leakage issue in the Building that required urgent repairs that affected multiple apartments.  Luna worked particularly long hours and paid $260.00 of his own funds for two helpers without being reimbursed. This resulted Luna effectively being paid only $390.00 for a workweek of more than 59 hours (*i.e.*, an effective hourly pay rate of $6.61).

36.    Defendants failed to maintain accurate records of the hours that Luna worked.

37.    From approximately 2002 through present, Luna worked seven (7) days per week (typically at least 59 hours per week).  His daily schedule, 7 days per week, was

typically as follows: Monday through Friday from approximately 7:30am to approximately 5:00pm; Saturday and Sunday, typically from 9:00am to 3:00pm, without any regularly-scheduled, uninterrupted lunch breaks.  This schedule does not include extensive working hours when Luna was on call or had to tend to emergencies at the Building, which were numerous because of the Building's decrepit condition and pervasive security issues.

38.    Residents of the Building and Luna's supervisor made repair requests of Luna that caused him to work beyond his typical schedule, including on weekends and at night.

39.    In the winter, Luna shoveled snow at all hours of the day and night, and he checked and maintained the boiler at night.

40.    Tenants of the Building would contact Luna at all hours of the day and night, 7 days a week, when there were emergencies in their apartments and/or security issues, and his job duties required him to be on-call at all times.

41.    The emergencies at the Building were numerous and extreme. Upon information and belief, the basis of which is a review of the HPD website, there are over 150 violations of the Housing Maintenance Code at the Building.  To the extent efforts have been made by Defendants to make repairs, Defendants have demanded that Luna work overtime to make repairs.

42.    As a result of pervasive security issues at the Building, Luna provided access to police and other emergency responders at all hours.

43.    The Building operated for over one year without gas, causing significant extra work and hours for Luna to field and attempt to address tenant complaints.

44.    In addition, among other duties, Luna would clean, mop, make minor repairs, perform plumbing work, perform electrical work, perform minor carpentry, communicate with tenants, handle recycling, collect and take out the garbage, polish floors, install appliances, fix faucets, and provide access to police, ambulance and fire personnel.

45.    Luna was required to provide and pay for his own "tools of the trade," including hand tools that were essential to the performance of his job.

46.    Luna was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device that accurately reflected his hours worked.

47.    Defendants did not provide Luna with an accurate statement of wages, as required by NYLL § 195(3).

48.    Defendants did not give any notice to Luna, in English and in Spanish (Luna's primary language) of his rate of pay, employer's regular pay day, and such other information as required  by NYLL § 195(1).

49.    Defendants' refusal to pay Luna lawfully-required wages for his work was intentional, willful, and in bad faith.

50.    Defendants willfully failed to keep track of Luna's hours worked  and provide wage notices to evade federal and state wage and hour laws.

<u>**FIRST CAUSE OF ACTION**</u>
**FLSA Minimum Wage Violations, 29 U.S.C. §§ 201 *et seq.***

51.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

52.    At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning for the FLSA.

53.    Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

54.    At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiff.  Defendants have had the power to hire and fire Plaintiff, control his terms and conditions of employment and determine the rate and method of any compensation in exchange for his employment.

55.     During the statute of limitations period covered by these claims, Defendants failed to pay Plaintiff the federal minimum wage for each hour worked, in violation of the Fair Labor Standards Act, 29 U.S.C. § 206(a).

56.     Defendants' failure to pay Luna at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

57.     Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Overtime Wage Violations under the FLSA

58.     Luna repeats and realleges all paragraphs above as though fully set forth herein.

59.     Throughout the statute of limitations period covered by these claims, Luna regularly worked in excess of forty (40) hours per week.

60.     Defendants required Luna as part of his employment to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1).  That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

61.     Luna seeks damages in the amount of his unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper, all to be determined at trial.

## THIRD CAUSE OF ACTION
### Violations of the New York Minimum Wage Act

62.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63.     At all relevant times hereto, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

64.     Defendants knowingly and willfully paid Plaintiff less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

65.     Defendants failure to pay Plaintiff the minimum wage has been willful within the meaning of the NYLL § 663.

66.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### Violations of Overtime Provisions of the New York Labor Law

67.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

68.     The overtime wage provisions of the NYLL, including Article 19, and its supporting regulations, apply to Defendants and Luna.

69.     Defendants willfully failed to pay Luna for hours worked in excess of 40 per workweek, for which   Luna received no compensation, let alone compensation at the premium overtime rate.

70.    As a result of Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per workweek, Plaintiff is entitled to compensation for unpaid overtime, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
**Illegal Deductions, New York Labor Law, Article 19 § 193**
**and 12 N.Y.C.R.R. § 2.10(a).**

71.    Plaintiff incorporates each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

72.    In violation of the New York Labor Law, Article 19, § 193, Defendants unlawfully deducted wages from Plaintiff by requiring him to provide and pay for his own laborers/assistants, as well as his own "tools of the trade," which further reduced the effective hourly rates of compensation below the required minimum and overtime rates of pay.

73.    As a result of the foregoing, Plaintiff seeks judgment against Defendants for reimbursement of unlawful deductions, as well as liquidated damages, pre-judgment and post-judgment interest, and such other relief as the Court deems just and proper.

### SIXTH CAUSE OF ACTION
**NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements**

74.    Plaintiff repeats and re-alleges and incorporates each and every allegation of the preceding paragraphs, with same force and effect as though fully set forth herein.

75.    The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide employees with an accurate wage statement each time they are paid.

76.    Defendants willfully failed to provide Plaintiff with wage statements at the end of every pay period that correctly identified the name of the employer; address of employer; rates of pay or basis thereof; regular hourly rate; whether paid by the hour, shift, day, week, salary, piece, commission, or other; number of overtime hours worked; gross

wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; and such other information as required by NYLL § 195(3).

77.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants liquidated damages of $250.00 per work day that the violations occurred, or continue to occur, up to $5,000.00, together with costs, reasonable attorneys' fees, pre-judgment and post-judgment interest, and injunctive and declaratory relief, pursuant to the NYLL § 198(1-d).

**SEVENTH CAUSE OF ACTION**
**NYLL Wage Theft Prevention Act (WTPA) – Failure to Provide Wage Notices**

78.    Plaintiff repeats, re-allege and incorporates by reference the prior allegations of this complaint as if fully alleged herein.

79.    The NYLL and WTPA, as well as the NYLL's interpretative wage orders, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

80.    From its enactment on April 9, 2011 through January 5, 2016, the WTPA also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment (amended in January 2015 to be distributed "upon hiring" and not annually) and to provide to employees, a written notice setting forth the employee's rates of pay and basis thereof; the name of the employer; physical address of the employer's business; names used by the employer; and other mandated disclosure.

81.    In violation of NYLL § 191, Defendants failed to furnish Plaintiff, at the time of hiring (and annually for those years prior to the January 2015 amendment) or whenever there was a change to their rate of pay, with wage notices required by NYLL § 191.

82.    Due to Defendants' violation of NYLL § 195(1), Plaintiff is entitled to recover from Defendants liquidated damages: (a) through January 5, 2015, the sum $50 per work week, up to $2,500; and (b) from January 6, 2015 through November 2017, $50.00 per

work day, up to $5,000.00, together with reasonable attorneys' fees, and costs of this action, pursuant to the NYLL § 198(1-b).

### <u>RELIEF SOUGHT</u>

**WHEREFORE,** the Plaintiff respectfully requests that the Court grant the following relief:

1.     That the Court declare, adjudge and decree that Defendants willfully violated the minimum wage and overtime provisions of the FLSA;

2.     That the Court declare, adjudge and decree that Defendants willfully violated the minimum wage, overtime, wage notice and wage statement provisions of the NYLL;

3.     That the Court declare, adjudge and decree that the Plaintiff was, at all times relevant hereto, entitled to be paid (a) minimum wages; (b) overtime for work beyond 40 hours in a week; (c) remuneration for unlawful deductions; and (d) that the amounts to which Plaintiff is entitled is to be doubled as liquidated damages and awarded thereto;

4.     That the Court make an award to the Plaintiff of damages and/or restitution for the amount of unpaid minimum wages, unpaid overtime compensation, including interest thereon, and statutory penalties in an amount to be proven at trial;

5.     An award of statutory damages for Defendants' failure to provide Plaintiff with accurate wage statements pursuant to NYLL § 198(1-d) and proper wage notices pursuant to NYLL § 198 (1-b);

6.     That the Court make an award to Plaintiff of reimbursement for all unlawful deductions;

7.     For all other Orders and Findings identified and sought in this Complaint;

8.     For prejudgment and post-judgment interest on the amount of any and all economic losses, at the prevailing legal rate;

9.    For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), NYLL and as otherwise provided by law; and

10.    Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:  New York, New York
          February 23, 2019

**RAPAPORT LAW FIRM, PLLC**

/s/

By:  _____
        Marc A. Rapaport
        Attorney for Plaintiff
        Rapaport Law Firm, PLLC
        One Penn Plaza, Suite 2430
        New York, New York 10119
        Phone: (212) 382-1600