UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

FELIX M. LUNA, *administrator of the estate of*
*Felix Luna*,

                       Plaintiff,

                 -against-

MARQUIS REALTY LLC, et al.,

                 Defendants.

-----------------------------------------------------------------x

19-CV-1709 (PGG) (OTW)

**OPINION & ORDER**

**ONA T. WANG**, **United States Magistrate Judge:**

Felix Luna brought this action against Marquis Realty LLC ("Marquis"), Sam David, and Lazer Kviat (collectively "Defendants") in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff alleged failure to pay overtime, unpaid overtime, unpaid wages, failure to pay minimum wages, illegal wage deductions, violation of wage notice requirements, and failure to provide wage statements. (ECF 1). Felix Luna passed away prior to any discovery in the case and his son, Felix M. Luna, was appointed administrator of his estate, which was substituted as Plaintiff in this action. (ECF 40; ECF 49 at 1). Plaintiff and Defendants reached a settlement and now seek Court approval of their proposed settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). All parties have consented to my jurisdiction to decide the motion in accordance with 28 U.S.C. § 636(c). (ECF 50). For the reasons below, the Court **APPROVES** the settlement agreement as fair and reasonable under *Cheeks*.

I.      **Background**[1]

Beginning in 2002 until the commencement of his lawsuit, Luna was employed as a superintendent by Marquis, the owner of an apartment building located in the Bronx, New York. (ECF 1 at 3-4). Plaintiff alleged that Defendant Kviat is the "highest ranking officer of Marquis" and "possesses ownership interests in and controls significant functions of the defendant entities." (*Id*. at 3). Plaintiff further alleged that Defendant David directly supervised Luna's work, determined his pay, and "exercised sufficient operation control over [Marquis's] operations to be considered Luna's employer under the [FLSA]." (*Id*. at 4).

Luna "performed maintenance, cleaning, painting, repair, janitorial services, exterminating, renovation, garbage removal, snow removal, and related work at the [b]uilding[,]" and regularly worked 7 days and in excess of 59 hours per week. (*Id*. at 5). The nature of his duties required him to be on call at all times. (*Id*. at 6). Luna was paid a flat amount of $650 per week and was not compensated for the time he was on call. (*Id*. at 3, 5). A portion of Luna's flat weekly rate, ranging from $75 to $250, was regularly paid to individuals who helped Luna with his job duties, thereby reducing his rate of pay during those weeks. (*Id*.)

Luna was also required to provide and pay for his own "tools of the trade," which were essential to the performance of his job. (*Id*. at 7). Defendants did not keep track of the number of hours Luna worked, provide him with accurate wage statements, nor provide him with notice of his rate of pay or other required information. (*Id*. at 7).

II.     **Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal

---

[1] The following facts are as alleged in Plaintiff's complaint. (*See* ECF 1).

court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc*.:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a.   Range of Recovery

Plaintiff did not allege a specific damages amount in his complaint. (*See generally* ECF 1). The proposed settlement amount is $12,375. (ECF 49 at 1). Of the total settlement amount, Plaintiff would receive $8,292 and Plaintiff's counsel would then take $4,083 in fees and costs. (*Id*. at 3). As no range of recovery was stated by Plaintiff, the Court is unable to determine the proportion of Plaintiff's settlement amount when compared to his alleged damages.[2] Given the

---

[2] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. See, e.g., *Rosario v. Structural Preservation Systems, LLC*, No. 18-CV-83 (HBP), 2019 WL 1383642, at *2 (S.D.N.Y. Mar. 27, 2019); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a *Cheeks* approval is to protect the employee, I concur with this approach.

risks of litigation as noted below, however, the Court finds this amount reasonable.

### b.   Burden and Risks of Litigation

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties' filings demonstrate that there are significant disputes present in this case that present them with risks were they to proceed with litigation. (*See generally* ECF 1, ECF 29; *see also* ECF 49). Plaintiff acknowledges that there are "significant hurdles in establishing the hours that Mr. Luna worked for Defendants without Mr. Luna alive to testify [and] [t]he same is true of Mr. Luna's claim that his wages were unlawfully deducted because he was not reimbursed for 'tools of the trade.'" (ECF 49 at 2).

### c.   Arm's Length Negotiation

The parties represent that the settlement was a product of extensive negotiations, and there is no evidence to the contrary. (*Id*.)

### d.   Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement.

### e.   Additional Factors

The release is appropriately limited to claims based on Plaintiff's employment up to the date the agreement was executed and does not seek to exceed the scope of wage-and-hour issues. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement also lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no

confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Nor does the agreement contain a non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose).

The Court finds that, given the particular facts and potential damages in this case, the attorneys' fees and costs award of $4,083 is reasonable, and represents approximately 33% of the total award. Although there is not a proportionality requirement, FSLA settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a 'reasonable attorney's fee to be paid by the defendant"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %.").

The fees award is less than Plaintiff's counsel's stated lodestar, which is supported by billing records attached to the proposed settlement. (ECF 49 at 3; ECF 49-4 at 1-7). The parties participated in an initial conference before this Court, and Plaintiff's counsel represents that Mr. Luna's passing created complications in litigating the case that are not routine in their practice, such as getting the Estate substituted and navigating the necessary approvals at the Bronx Surrogate's Court. (ECF 49 at 3). Given these facts, the Court finds the attorney's fee

award to be reasonable.

**III.** **Conclusion**

For the foregoing reasons, the Court approves the parties' proposed settlement

agreement as fair and reasonable. It is hereby **ORDERED** that this action is dismissed with

prejudice. The Clerk is respectfully directed to close the case.

**SO ORDERED.**


_s/ Ona T. Wang_

Dated: December 10, 2020                          **Ona T. Wang**
      New York, New York                   United States Magistrate Judge